IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
**Richmond Division**

| | | |
|---|---|---|
| **STANLEY N. WALKER,** | ) | |
| | ) | |
| Petitioner, | ) | |
| v. | ) | Civil Action No. **3:11cv318-HEH** |
| | ) | |
| **NORA MILLER,** | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM OPINION**
(Dismissing the § 2254 Petition)

Stanley N. Walker, a Virginia state prisoner proceeding *pro se* and *in forma pauperis*, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("§ 2254 Petition") challenging his conviction in the Circuit Court for the County of Mecklenburg, Virginia ("Circuit Court"). Walker raises the following four claims for relief:

| | |
|---|---|
| Claim 1 | The Commonwealth's Attorney that prosecuted his case in the Circuit Court represented him on an earlier case, thus creating a conflict of interest. |
| Claim 2 | Walker received ineffective assistance of counsel when counsel knew about this conflict and did not object to the Commonwealth's Attorney using Walker's juvenile record. |
| Claim 3 | The Commonwealth's Attorney failed to disclose exculpatory evidence in violation of *Brady v. Maryland*, 373 U.S. 83 (1963).[1] |
| Claim 4 | The Commonwealth's Attorney who prosecuted Walker was his counsel during a Juvenile Court matter in 1996. |

---

[1] *Brady* held that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." *Brady*, 373 U.S. at 87.

(§ 2254 Pet. 6-11.) Respondent has filed a Motion to Dismiss (Dk. No. 10) on the ground that Walker's claims are not exhausted. Respondent has also filed the appropriate *Roseboro* notice (Dk. No. 12).[2] Walker has not responded. This matter is ripe for disposition.

## I. PROCEDURAL HISTORY

Walker was convicted in the Circuit Court for "robbery of an occupied dwelling."[3] (§ 2254 Pet. 2.) The Circuit Court sentenced Walker to an eight-year term of imprisonment. (*Id.*) On June 3, 2010, the Circuit Court entered the final judgment in Walker's criminal case. (Br. Supp. Mot. Dismiss 1.) Walker's direct appeal to the Court of Appeals of Virginia was denied on December 20, 2010. (*Id.* 3.) Walker did not appeal to the Supreme Court of Virginia nor did he file any petition for writ of habeas corpus in either the Circuit Court or the Supreme Court of Virginia. (*Id.*) On May 5, 2011, Walker filed his § 2254 Petition raising four grounds for relief.[4]

## II. ANALYSIS

Before a state prisoner can bring a § 2254 Petition in federal district court, the prisoner must first have "exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). State exhaustion "'is rooted in considerations of federal-state comity,'" and in the congressional determination via federal habeas laws "that exhaustion

---

[2] *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975).

[3] Defendant was apparently convicted of statutory burglary with intent to commit robbery in violation of VA Code § 18.2-90.

[4] The Court deems the § 2254 Petition filed on the date Walker swears he placed the petition in the prison mailing system. *Houston v. Lack*, 487 U.S. 266, 276 (1988).

of adequate state remedies will 'best serve the policies of federalism.'" *Slavek v. Hinkle*, 359 F. Supp. 2d 473, 479 (E.D. Va. 2005) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 491-92 & n.10 (1973)). The purpose of exhaustion is "to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (internal quotation marks omitted). Exhaustion has two aspects. First, a petitioner must utilize "all available state remedies before he can apply for federal habeas relief." *Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998) (citing *Matthews v. Evatt*, 105 F.3d 907, 910-11 (4th Cir. 1997)). As to whether a petitioner has used all available state remedies, the statute notes that a habeas petitioner "shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

The second aspect of exhaustion requires a petitioner to have offered the state's courts an adequate opportunity to address the constitutional claims advanced on federal habeas. "To provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (quoting *Duncan v. Henry*, 513 U.S. 364, 365-66 (1995)).

Here, Walker has not presented any of his claims for federal habeas relief to the Supreme Court of Virginia. Walker admits that he did not raise Claims 1, 3, or 4 on

direct appeal. (§ 2254 Pet. 6, 9, 12.) Therefore, they are unexhausted. Walker has also failed to file a habeas petition in the Circuit Court or the Supreme Court of Virginia, which is the only way he could have presented Claim 2 in state court. Thus, the Commonwealth of Virginia has not been given "an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Picard*, 404 U.S. at 275 (internal quotation marks omitted). Furthermore, Walker has not satisfied the first aspect of exhaustion because he can still file a petition for a writ of habeas corpus with the state courts.[5] Va. Code Ann. § 8.01-654(A)(2). Thus, Walker's claims will be DISMISSED WITHOUT PREJUDICE to re-file after he has exhausted his state court remedies.[6]

### III. CONCLUSION

For the reasons stated above, Walker's § 2254 Petition (Dk. No. 1) will be DISMISSED WITHOUT PREJUDICE. Respondent's Motion to Dismiss (Dk. No. 10) will be GRANTED. The action will be DISMISSED.

An appeal may not be taken from the final order in a § 2255 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B). A COA

---

[5] This section provides, in pertinent part: "A habeas corpus petition attacking a criminal conviction or sentence . . . shall be filed within two years from the date of final judgment in the trial court or within one year from either final disposition of the direct appeal in state court or the time for filing such appeal has expired, whichever is later." Va. Code Ann. § 8.01-654(A)(2). Final judgment was entered on June 3, 2010 and Walker's direct appeal concluded on December 20, 2010. Of course, **Walker must act promptly in pursuing a state petition for a writ of habeas corpus.**

[6] There appears to be time for Walker to file a federal petition for a writ of habeas corpus after the conclusion of his state court proceedings. *See* 28 U.S.C. § 2244(d)(1). The Court admonishes Walker that **any petition for a writ of habeas corpus in federal court should be filed promptly at the conclusion of his state court collateral proceedings.**

will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). No law or evidence suggests that Walker is entitled to further consideration in this matter. A certificate of appealability will therefore be DENIED.

An appropriate Order will accompany this Memorandum Opinion.

/s/
HENRY E. HUDSON
UNITED STATES DISTRICT JUDGE

Date: Dec 6, 2011
Richmond, Virginia